# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-983V
UNPUBLISHED

| | |
|---|---|
| ABBIE DOVER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 29, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Brian L. Cinelli*, Marcus & Cinelli, LLP, Williamsville, NY, for Petitioner.

*Mallori B. Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## **RULING ON ENTITLEMENT**[1]

     On August 6, 2020, Abbie Dover filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) as a result of an influenza vaccination administered on October 24, 2018. Petition at 1, 18. Petitioner further alleges that vaccine was administered in the United States, she suffered the residual effects of her injury for more than six months, and no previous civil action has been filed in this matter and no one has previously collected an award or settlement of a civil action for damages arising from these alleged vaccine-related injuries. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 7, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent found that "[P]etitioner's alleged injury is consistent with a SIRVA, as defined on the Vaccine Injury Table." *Id.* at 4. Specifically, Respondent determined that [P]etitioner had no history of pain, inflammation, or dysfunction of her left shoulder; medical records document that pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the left shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain . . . . Additionally, based on the medical records outlined above, petitioner suffered residual effects of her injury for more than six months." *Id.* at 4-5 (citations omitted). Respondent further agrees that the scope of damages to be awarded is limited to petitioner's left-sided SIRVA and its related sequelae only. *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
